CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
SEP 2 3 2005
JOHN F. CORCORAN, CLERK
BY: /s/ H. McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOSEPH LEE GARRETT, | ) | |
| Plaintiff, | ) | Civil Action No. 7:05cv00497 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| M. BLILEY, | ) | By: Hon. Jackson L. Kiser |
| Defendant. | ) | Senior United States District Judge |

Plaintiff Joseph Lee Garrett, a Virginia inmate proceeding pro se, has filed this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his amended complaint, plaintiff alleges that while incarcerated at Red Onion State Prison he was subjected to the use of excessive force in violation of his Eighth Amendment Right to be free from cruel and unusual punishment.[1] As relief, Garrett seeks only monetary damages.

Defendant Bliley filed a motion for summary judgment. The court notified plaintiff of defendant's motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and advised plaintiff that his failure to reply to the defendant's motion may result in summary judgment being granted for the defendant. As more than thirty days have elapsed since plaintiff was directed to submit a response to the defendant's motion for summary judgment, the matter is ripe for disposition.

After a thorough review of the record, I am convinced that there exists no issue of material fact and that the defendant is entitled to judgment as a matter of law as to all claims raised in the complaint.

---

[1] By order entered August 11, 2005 this claim was severed from civil action no. 7:01cv00186.

## I. Allegations & Facts

Garrett alleges that on May 3, 2000 he was injured when defendant fired a live round at another inmate. Garrett has provided very little detail regarding this incident. However, he does not contest the defendant's version of the events which led to the shooting. Prior to the shooting, another inmate, Gavin, became involved in a dispute with Correctional Officer Sizemore. Approximately thirty minutes later, during inside pod recreation, Gavin approached Sizemore in a "threatening" manner. Defendant Bliley, assigned to the A-1 pod gun post, issued an order for Gavin to stop, but Gavin refused and continued to approach and argue with Sizemore. Bliley then fired a blank warning shot toward the pod ceiling and ordered for all inmates to lie on the ground. Every inmate but Gavin complied. Gavin was given three additional orders to lie down, but he refused and continued to approach Sizemore. Bliley then fired a live "stinger" round at Gavin, who then obeyed the order to lie down. At the time of the incident, because Gavin was located behind the stairs, the stinger round was blocked by and ricocheted off of the stairs. Garrett claims that he was struck by one of the ricocheting pellets. Garrett admits that he was examined for injury, but no further treatment was provided although he alleges he requested additional medical attention.

## II. Analysis

Upon motion for summary judgment, the court must view the facts and the inferences to be drawn from those facts, in the light most favorable to the party opposing the motion. Ross v. Communications Satellite Corp., 759 F.2d 355 (4th Cir. 1985). Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to

judgment as a matter of law. Fed. R. Civ. P. 56(c). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 47 U.S. 242 (1986).

When a motion for summary judgment is made and properly supported by affidavits, depositions, or answers to interrogatories, the adverse party may not rest on the mere allegations or denials of the adverse party's pleadings. Instead, the adverse party must respond by affidavits or otherwise and present specific facts showing that there is a genuine issue of disputed fact for trial. Fed. R. Civ. P. 56(e). If the adverse party fails to show a genuine issue of material fact, summary judgment, if appropriate, may be entered against the adverse party.

Garrett alleges that he was subjected to excessive force in violation of his Eighth Amendment right to be free from cruel and unusual punishment. The Eighth Amendment protects individuals against excessive prison sentences, as well as inhumane treatment and excessive force while imprisoned. See U.S. Const. amend. VIII. To establish an Eighth Amendment excessive force claim against a prison official, an inmate must satisfy a two-prong standard comprised of both an objective inquiry (whether the harm plaintiff suffered was sufficiently serious enough to amount to a constitutional violation) and a subjective inquiry (whether the defendant acted with a sufficiently culpable state of mind). Williams v. Benjamin, 77 F.3d 756, 761 (1996).

The subjective component of an excessive force claim requires an inmate to demonstrate that the force used by an institutional official, "inflicted unnecessary and wanton pain and suffering." Hudson v. McMillian, 503 U.S. 1, 7 (1992). In evaluating such a claim, "the

question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Id. (quoting Whitley v. Albers, 475 U.S. 312, 32-21 (1986)). The Supreme Court and the Fourth Circuit have set out the following factors to consider in determining whether a prison official acted maliciously and sadistically: "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Hudson, 503 U.S. at 7 (1992) (quotations omitted); Williams, 77 F.3d at 762. Also, the inmate must prove the correction official's actions were "'objectively harmful enough' to offend 'contemporary standards of decency.'". Stanley v. Hejirika, 134 F.2d 629, 634 (4th Cir. 1998) (quoting Hudson, 503 U.S. at 8). Although there is no requirement that an inmate suffer "serious" or "significant" pain or injury to demonstrate that a malicious or sadistic use of force was employed, he must allege "more than a de minimis pain or injury." Norman v. Taylor, 25 F.3d 1259, 1263 n. 4 (4th Cir. 1994). "[A]bsent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis." Taylor v. McDuffie, 155 F.3d 479, 483 (4th Cir. 1998). However, a de minimis physical injury may amount to an Eighth Amendment violation if the force used was of the sort "repugnant to the conscience of mankind." In Norman v. Taylor, the Fourth Circuit stated:

> We recognize that there may be highly unusual circumstances in which a particular application of force will cause relatively little, or perhaps no, enduring injury, but nonetheless will result in an impermissible infliction of pain. In these

-4-

circumstances, we believe that either the force used will be "of a sort 'repugnant to the conscience of mankind,'" and thus expressly outside the de minimis force exception, or the pain itself will be such that it can properly be said to constitute more than de minimis injury.

25 F.3d at 1263, n. 4 (citations omitted).

Although Garrett alleges that he suffered a serious injury which necessitated medical attention, there is no credible disputed material fact as to the extent of his injuries. The medical record, submitted as part of Exhibit 1 to the defendant's motion for summary judgment, clearly demonstrates that Garrett suffered nothing more than a superficial scratch as a result of the shooting. Specifically, the medical record states that approximately thirty minutes after the shooting Garrett was examined by a nurse who observed a small, half-moon shaped scratch on his back, but detected no swelling or drainage. Furthermore, during the examination Garrett stated that he was "alright." Accordingly, I find that the injuries he alleges to have suffered are de minimis and do not amount to a constitutional violation. See Stanley v. Hejirika, 134 F.3d 629, 637-38 (4th Cir. 1998)(finding a constitutionally insignificant injury where medical records did not substantiate prisoner's claims).

Additionally, Garrett has failed to allege any facts which establish those extraordinary circumstances on which a plaintiff can prevail on an excessive force claim when he suffers only de minimis injury. Taylor, 155 F.3d at 483. A mere lack of due care for the prisoner's interests and safety fails to show the use of force which is "repugnant to the conscience of mankind." See Whitley v. Albers, 475 U.S. 312, 319 (1986). Based on the undisputed facts, defendant was shooting at inmate Gavin, the pellet ricocheted off metal stairs and struck Garrett in the back.

Thus, it is clear that Garrett was not intentionally injured by the defendant nor was the force used directed at the plaintiff. Accordingly, any harm could be attributed to Bliley's apparent lack of care as to plaintiff's safety when firing his weapon in an enclosed space. As such, Garrett has not presented the highly unusual circumstances where the force used resulted "in an impermissible infliction of pain" or was "of a sort repugnant to the conscience of mankind." Norman, 25 F.3d at 1264, n.4.

To the extent Garrett's claim can be construed to allege that Bliley was deliberately indifferent to the risk of harm this use of force entailed, it fails. To succeed on this claim Garret must show that Bliley was aware of and disregarded a serious risk of harm. Farmer v. Brennan, 511 U.S. 825, 838 (1994); Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). Garrett does not contest that at the time of the shooting inmate Gavin posed a serious physical threat to Correctional Officer Sizemore nor that before defendant fired his weapon he ordered all inmates to lie on the pod floor. At the time of the incident Bliley was faced with two separate threats of harm: the potential threat of an increasingly aggressive inmate and the potential threat that in firing his weapon he may injure an inmate. In order to reduce the potential for harm, Bliley order all inmates to lie on the pod floor and fired a blank warning shot. Only after Gavin continued to stand did he fire the "stinger" round. Thus, he clearly did not disregard the potential risk of harm, but acted under the circumstances to reduce it as much as possible before utilizing any force in addressing the threat Gavin posed. As any subsequent harm could thus be arguably due to defendant's negligence in firing his weapon near stairs which could cause pellets to ricochet and, as a correctional officer's negligence in causing injury does not raise a claim of constitutional magnitude, I find that defendant is entitled to judgment as a matter of law. See Davidson v.

Cannon, 474 U.S. 344, 347 (1986).

### III. Conclusion

Based on the foregoing, I find that Garrett has not presented any question of material fact as to any claims raised against defendent. Furthermore, I find that Garret has suffered a mere <u>de minimis</u> injury. Additionally, he has failed to establish that the defendant employed force "repugnant to the conscience of mankind" nor that he was deliberately indifferent to the risk of harm his use of force may have caused. Accordingly, defendant is entitled to judgment as a matter of law as to all claims raised in the complaint and I will hereby grant his motion for summary judgment in this matter.

The Clerk of the Court is directed to send a certified copy of this Order to plaintiff.

ENTER: This 23rd of September, 2005.

/s/ Jackson L. Kiser
Senior United States District Judge